# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1712

_____

Frederick Raymond Droney,                *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
      v.                                 *   District Court for the Eastern
                                         *   District of Missouri.
Tim Fitch, Colonel, Chief, St. Louis     *
County Police Department; Robert P.      *   [UNPUBLISHED]
McCullough, St. Louis County             *
Prosecutor; Eric H. Holder, Jr.,         *
United States Attorney General; Ron      *
Replogle, Colonel, Superintendent        *
Missouri Highway Patrol,                 *
                                         *
            Appellees.                   *

_____

Submitted: August 9, 2011
Filed: August 11, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Frederick Droney appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint, in which he claimed that the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901, violates the Ex Post Facto Clause.

Upon careful de novo review, see Detroit Gen. Ret. Sys. v. Medtronic, Inc., 621 F.3d 800, 804-05 (8th Cir. 2010) (review of Federal Rule of Civil Procedure 12(b)(6) motion to dismiss); United States v. Hacker, 565 F.3d 522, 524 (8th Cir. 2009) (review of challenge to constitutionality of federal statute), we conclude the district court properly dismissed Droney's complaint for failure to state a claim, because Droney did not demonstrate by clearest proof that SORNA's registration requirements violate the Ex Post Facto Clause, see Smith v. Doe, 538 U.S. 84, 92 (2003) (if legislature's intention was to enact regulatory scheme that is civil and nonpunitive, retroactive application of law does not violate Ex Post Facto Clause if law has neither punitive purpose nor punitive effect; only clearest proof will suffice to override legislative intent and transform what has been denominated civil remedy into criminal penalty); United States v. Hinckley, 550 F.3d 926, 936-38 (10th Cir. 2008) (rejecting argument that SORNA's requirements, including in-person registration, violated Ex Post Facto Clause; finding that statute's primary effect supported Congress's intention that it operate as civil regulatory scheme designed to protect general public welfare); United States v. May, 535 F.3d 912, 919-20 (8th Cir. 2008) (SORNA does not violate Ex Post Facto Clause because only punishment that can arise under SORNA, for violation of 18 U.S.C. § 2250, is not retrospective; SORNA's registration requirement demonstrates no congressional intent to punish sex offenders); cf. Doe v. Pataki, 120 F.3d 1263, 1275-76, 1284-85 (2d Cir. 1997) (noting factors articulated in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963), and concluding that New York sex-offender registration law requirement that offenders classified as sexually violent

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

predators register in person every 90 days for minimum of 10 years and potentially for life did not violate Ex Post Facto Clause).

Accordingly, the judgment of the district court is affirmed.

_____